■ Riccar America Corp., Respondent, v. John Curtis, Appellant.— Herlihy, J. Appeal by Curtis from an order directing delivery of certain property levied upon under an order of attachment. Riccar America Corp. (hereinafter referred to as Riccar) in order to commence an action against one Cronin secured an order of attachment on April 28, 1965. On April 30, 1965 this order was duly served upon Curtis by the Sheriff. Thereafter on May 10, 1965 Curtis instituted a special proceeding pursuant to CPLR 6221 to determine adverse claims to the property levied upon, claiming that a portion of the items of personal property belonged to someone other than Cronin and that Cronin had no right of possession thereto. A reading of this statute shows that it is intended to determine the right of the plaintiff to have the property levied upon prior to the application of the property to the satisfaction of a judgment. In this proceeding the court found that as between the parties herein, the property was subject to the levy and Curtis took no appeal from such order. By a notice of petition on July 24, 1965, some 23 days prior to the entry of the order in the above proceeding, Riccar sought an order pursuant to CPLR 6214 (subd. [d]) compelling Curtis to deliver the property levied upon by the Sheriff to the said Sheriff. The petition alleges the service of the order of attachment and the property which it is alleged became subject to the levy and states "Upon information and belief, that said Sheriff of Fulton County has demanded that the respondent deliver to him the property of Richard W. Cronin, as described in Exhibit B, but the respondent has failed and refused to do so." An affidavit by Riccar's counsel in support of this petition included as exhibits the petition and affidavit of Curtis in the first proceeding under CPLR 6221. This petition avers that the Sheriff made a levy upon the personal property and demanded judgment ordering the Sheriff to deliver the merchandise to Curtis. The affidavit of Curtis referred to states that the merchandise is in "the custody of the Sheriff". Curtis in his answer to this petition denied the allegation that the Sheriff had been refused delivery of the property and as an affirmative defense stated that he does not have in his custody the property of Richard W. Cronin. At this point, it is clear that Riccar has alleged upon information and belief that Curtis has refused to deliver the property and also that the record contains positive averments on the part

of Curtis that the merchandise is in the custody of the Sheriff and that he, Curtis, does not have such merchandise. The order of the court makes no reference to this factual issue but simply decides that since the prior proceeding determined the ownership issues between the parties herein, Riccar was entitled to the relief demanded herein. It is apparent that absent some concession by Curtis that he was holding the property herein, the court should have held a hearing on the question of the refusal of Curtis to deliver the property and on the further question of whether or not the Sheriff in fact had possession of the property. Order reversed, on the law and the facts, and matter remitted for further proceedings herein, with costs to abide the event. Gibson, P. J., Reynolds, Aulisi and Staley, Jr., JJ., concur.